# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1005V
UNPUBLISHED

|  |  |
|---|---|
| DAVID RAMOS,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: November 7, 2019<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for petitioner.

*Linda Sara Renzi*, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

On July 12, 2018, David Ramos filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on September 24, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 30, 2019, a Fact Ruling was issued finding that there is preponderant evidence to establish that the onset of Petitioner's left shoulder pain

---

[1] I intend to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

occurred within 48 hours of the September 24, 2016 flu vaccination.  Fact Ruling at 2, 6 (ECF No. 26).

On November 6, 2019, Respondent filed an amended Rule 4(c) Report indicating that, although he reserves his right to a potential appeal of the factual ruling, he recognizes the factual finding regarding onset is "the law of the case . . . [and] advises that he will not defend the case on other grounds during further proceedings before the Office of Special Masters." Amended Res. Report at 2 (ECF No. 27).[3]  Respondent indicates that "[i]n light of the September 30, 2019 fact ruling and medical record evidence submitted in this case, DICP has concluded that petitioner suffered SIRVA as defined by the Vaccine Injury Table." *Id.* at 2-3.  Respondent additionally concludes that Petitioner suffered the residual effects of his condition for more than six months.  *Id.* at 3. Respondent adds that "based on the record as it now stands and subject to his right to appeal the Finding of Fact, respondent does not dispute that petitioner has satisfied all legal prerequisites for compensation under the Act."  *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Additionally, Respondent clarifies that he is not waiving "any defenses that [he] may assert in the damages phase."  Amended Res. Report at 3 n.2.